# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-393
Lower Tribunal No. CF21-008132-XX

_____

QORNEILOUS MARQUEL CAMPBELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Michael P. McDaniel, Judge.

March 8, 2024

WOZNIAK, J.

Qorneilous Marquel Campbell appeals the judgment and sentence imposed following his no contest plea to one count each of possession of cocaine and possession of drug paraphernalia.[1] Finding no error in the trial court's denial of Campbell's motion to suppress certain evidence, we affirm the judgment and

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

sentence without further comment. However, as conceded by the State, one issue of merit arose during the pendency of this appeal that requires remand for correction.

While this appeal was pending, Campbell filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). In it, he pointed out that the trial court had orally announced at sentencing that, as a condition of probation, Campbell would be subject to warrantless searches by a law enforcement officer only "if that officer has reasonable suspicion to search," but the special condition of probation contained in the written probation order makes no mention of the reasonable suspicion requirement. He correctly contended that the conflict between the trial court's oral pronouncement and its written order of probation should be resolved in favor of the oral pronouncement. *See Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) ("[W]hen conflict arises between the written sentence and the oral pronouncement, the oral pronouncement prevails."). However, because Campbell's motion was not ruled on within sixty days, it was deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied."). The denial cannot stand.

Accordingly, we reverse and remand with instructions for the trial court to conform the written order of probation with its oral pronouncement.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and BROWNLEE, JJ., concur.

Howard L. "Rex" Dimmig, II, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED